# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN J. COOK,

                              Plaintiff,

v.                                                          Case No. 18-CV-1158-JPS

T. CHRISTOPHER DEE, ZACHARY A.
WITTCHOW, and ANNAMARIE AMY
WINEKE,

                                                                    **ORDER**

                              Defendants.

---

Plaintiff, a prisoner proceeding *pro se*, filed a complaint on July 26, 2018, alleging that his civil rights were violated in connection with his prosecution in Wisconsin state court. (Docket #1). Plaintiff did not pay the $400 filing fee for this action when he filed the complaint, so the Clerk of the Court sent him a letter on July 27 asking for payment, or for a motion for leave to proceed *in forma pauperis*, within twenty-one days. (Docket #2). Plaintiff has filed a motion for extension of time to pay the full filing fee, noting on the day he sent his $400 payment to the Court, he was in the process of being moved from Dodge Correctional Institution to the Vernon County Jail. (Docket #5). Apparently, his disbursement request form got lost in the shuffle. *Id.*

The Court will save Plaintiff the time and expense of paying the filing fee in this case, as his complaint is indisputably meritless and must be dismissed. Notwithstanding the payment of any filing fee, the Prison Litigation Reform Act mandates that the Court screen complaints brought by prisoners seeking relief against a governmental entity or an officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain

sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff complains that his constitutional rights were violated during the course of his criminal prosecution in Milwaukee County Circuit Court Case No. 2016CF005407. (Docket #1). Publicly available state

court records reveal that Plaintiff was found guilty by a jury of several firearms-related offenses at a trial in March 2018. He was sentenced to a significant prison term in late May 2018.

Plaintiff takes issue with the conduct of three individuals involved in the prosecution. First, he complains that the trial judge, Judge T. Christopher Dee ("Judge Dee"), violated his confrontation rights under the Sixth Amendment by failing to require that Plaintiff's accuser appear at trial. *Id.* at 2. He also suggests that Judge Dee did not treat him fairly. *Id.* at 3. These allegations concern solely judicial acts, for which judges enjoy absolute judicial immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Forrester v. White*, 484 U.S. 219, 225–29 (1988); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Myrick v. Greenwood*, 856 F.3d 487, 488 (7th Cir. 2017). Thus, Judge Dee must be dismissed.

Next, Plaintiff complains that the State's attorney, Zachary A. Wittchow ("Wittchow"), violated his constitutional rights by withholding material evidence from him, lying to Judge Dee about the existence of that evidence, and failing to ask for a continuance of the trial so that Plaintiff's accuser could be brought into court. (Docket #1 at 3). Like the judge, Wittchow enjoys his own species of immunity for actions taken in his capacity as a prosecutor during the judicial phase of a case. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). All of the alleged misconduct by Wittchow relates to his actions during the post-indictment phases of the prosecution, including discovery and trial. He is, therefore, cloaked with prosecutorial immunity. *Fields v. Wharrie*, 672 F.3d 505, 513 (7th Cir. 2012); *Whitlock v. Brueggemann*, 682 F.3d 567, 579–80 (7th Cir. 2012). Wittchow too must be dismissed.

Finally, Plaintiff lodges several complaints against his state-appointed defense counsel, Annamarie Wineke ("Wineke"). (Docket #1 at 2–3). He says that she did not protect his confrontation rights and *Brady* rights and that she failed to object to certain things at trial. *Id.* at 3. Section 1983 cannot be used to challenge actions undertaken as part of "a lawyer's traditional function[ ] as counsel to a defendant in a criminal proceeding," because such an attorney does not act "under color of state law." *Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981). The acts that form the basis of Plaintiff's constitutional claims against his lawyer fall squarely within the traditional functions of a criminal defense lawyer. Because Section 1983 does not exist for Plaintiff to air grievances against his state-appointed counsel, he cannot proceed against Wineke.[1]

Thus, all three of the named defendants must be dismissed, and with them, the case as a whole. In closing, the Court notes that Plaintiff seeks both monetary relief and a new trial. (Docket #1 at 4). To the extent he seeks money damages, Plaintiff's claims are indisputably barred by well-settled legal precedents, so they must be dismissed with prejudice.

With respect to Plaintiff's request for injunctive relief related to his conviction and imprisonment, *i.e.*, a new trial, Plaintiff is advised that to the extent he believes his conviction and sentence were imposed in violation of the Constitution or federal law, his only recourse is through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a

---

[1]In a single line at the end of his factual allegations, Plaintiff asserts that Defendants discriminated against him "[due] to race, gender, or place of action." (Docket #1 at 3). Nowhere does he allege any facts supporting the plausible inference that any of Defendants' actions were premised on class-based animus. This conclusory allegation is insufficient to raise a viable claim of discrimination. *Twombly*, 550 U.S. at 570.

habeas action, he can ask the court for release from prison or other relief from his present confinement.

The Court cannot convert the present action into a habeas proceeding. "When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice," rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). Moreover, the proper defendant in a habeas action is the warden of the institution where the prisoner is confined, and that person has not been named in the present complaint.

Because Plaintiff might be able to pursue the present claims through a habeas petition, the Court will dismiss the claims without prejudice to the extent they seek injunctive relief related to his conviction and imprisonment. Plaintiff should be aware, however, that a federal court will not allow him to proceed on a habeas petition unless he can show that he has presented his claims to the Wisconsin courts and has been denied relief at the trial and appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, *id.* § 2254(b)(1)(B).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time to pay the filing fee for this action (Docket #5) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's claim for money damages against Defendants be and the same is hereby **DISMISSED with**

**prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

IT IS FURTHER ORDERED that Plaintiff's claims for a new trial and other injunctive relief related to his conviction and sentence be and the same are hereby **DISMISSED without prejudice** pursuant to *Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996);

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g); and

THE COURT FURTHER CERTIFIES that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers *bona fide* arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2018.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge